IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN MCFERREN and WENONIA CADDLE, Individually and on behalf of all others similarly Situated, | ) ) ) ) | **CLASS ACTION** |
| Plaintiffs, | ) | |
| v. | ) ) | |
| WORLD CLASS DISTRIBUTION, INC., | ) ) | Case No. _20-cv-2912____ |
| Defendant. | ) | |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs John McFerren and Wenonia Caddle, individually and on behalf of all other persons similarly situated, by their undersigned attorneys, as and for their Class Action Complaint for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, against Defendant World Class Distribution, Inc. ("World Class Distribution" or "Defendant"), alleges on personal knowledge, due investigation of their counsel, and, where indicated, on information and belief as follows:

**NATURE OF THE ACTION**

1. Plaintiffs bring this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in collecting, storing and using their and other similarly situated individuals' biometric identifiers[1] and biometric information[2] (referred to collectively at times as "biometrics") without obtaining informed written consent or providing the requisite data retention and destruction policies, in direct violation of BIPA.

---

[1] A "biometric identifier" is any personal feature that is unique to an individual, including fingerprints, iris scans, DNA and "face geometry", among others.

[2] "Biometric information" is any information captured, converted, stored or shared based on a person's biometric identifier used to identify an individual.

1

2. The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/15(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

3. In recognition of these concerns over the security of individuals' biometrics the Illinois Legislature enacted BIPA, which provides, *inter alia*, that a private entity like Defendant may not obtain and/or possess an individual's biometrics unless it informs that person in writing that biometric identifiers or information will be collected or stored. *See* 740 ILCS 14/15(b).

4. The BIPA further requires that entities collecting biometrics must inform those persons in writing of the specific purpose and length of term for which such biometric identifiers or biometric information are being collected, stored and used. *See id.*

5. Moreover, entities collecting biometrics must publish publicly available written retention schedules and guidelines for permanently destroying biometrics collected. *See* 740 ILCS 14/15(a).

6. Further, the entity must store, transmit and protect an individual's biometric identifiers and biometric information using the same standard of care in the industry and in a manner at least as protective as the means used to protect other confidential and sensitive information. *See* 740 ILCS 14/15(c).

7. Finally, the entity is expressly prohibited from selling, leasing, trading or otherwise profiting from an individual's biometrics. *See* 740 ILCS 15/15(c).

2

8. In direct violation of each of the foregoing provisions of §§ 15(a) and 15(b) of BIPA, Defendant collected, stored and used–without first providing notice, obtaining informed written consent or publishing data retention policies–the facial geometry and associated personally identifying information of hundreds of its employees (and former employees), who are being required to "clock in" with their facial geometry.

9. This practice of requiring employees to "clock in" using their facial geometry was in place at least since approximately October 2016.

10. Plaintiffs left Defendant's employ in approximately February 2017 and was "clocking in" using their facial geometry during their tenure of employment with Defendant.

11. If Defendant's database of digitized facial geometry were to fall into the wrong hands, by data breach or otherwise, the employees to whom these sensitive and immutable biometric identifiers and/or biometric information belong could have their identities stolen, among other serious issues.

12. BIPA confers on Plaintiffs and all other similarly situated Illinois residents a right to know of such risks, which are inherently presented by the collection and storage of biometrics, and a right to know how long such risks will persist after termination of their employment.

13. Despite BIPA having been the law for more than a decade, Defendant never adequately informed Plaintiffs or the Class of its biometric collection practices, never obtained the requisite written consent from Plaintiffs or the Class regarding its biometric practices, and never provided any data retention or destruction policies to Plaintiffs or the Class.

14. Plaintiffs brings this action to prevent Defendant from further violating the privacy rights of Illinois residents and to recover statutory damages for Defendant's unauthorized collection, storage and use of these individuals' biometrics in violation of BIPA.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which at least one of the class members of the proposed class of plaintiffs is a citizen of a State different from Defendant within the meaning of 28 U.S.C. § 1332(d).

16. This Court has personal jurisdiction over Defendant because the biometrics that give rise to this lawsuit were (1) collected by Defendant at facilities in this District, (2) stored by Defendant at facilities in this District, and (3) used by Defendant at facilities in this District.

17. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant resides in this District, a substantial part of Defendant's acts and omissions giving rise to the claims occurred in this District, and a substantial part of the property that is the subject of the claims (*i.e.* Plaintiffs' and the class members biometric identifiers and/or biometric information) is situated in this District, all within the meaning of 28 U.S.C. § 1391.

## PARTIES

18. Plaintiff Wenonia Caddle is, and has been at all relevant times, a resident and citizen of Illinois.

19. Plaintiff John McFerren is, and has been at all relevant times, a resident and citizen of Illinois.

20. Defendant World Class Distribution, Inc. is a California corporation and doing business in Grundy County, Illinois within a facility located at 1510 Cargo Ct., Minooka, Illinois. Defendant employs approximately 500 persons at the Illinois facility.

**FACTUAL BACKGROUND**

**I.    Illinois' Biometric Information Privacy Act.**

21.    In 2008, Illinois enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. BIPA makes it unlawful for a company to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers and/or biometric information, unless it first:

>    (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored;
>
>    (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
>    (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

740 ILCS 14/15 (b).

22.    Section 15(a) of BIPA also provides:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

23.    As alleged below, Defendant's practices of collecting, storing and using individuals' biometric identifiers (specifically, facial geometry) and associated biometric information without informed written consent violated all three prongs of § 15(b) of BIPA. Defendant's failure to provide a publicly available written policy regarding their schedule and

guidelines for the retention and permanent destruction of individuals' biometric identifiers and biometric information also violated § 15(a) of BIPA.

## II. Defendant Violates Illinois' Biometric Information Privacy Act.

24. Unbeknown to the average person, and in direct violation of § 15(b)(1) of BIPA, Defendant scanned and collected, and then indefinitely stored in an electronic database, digital copies of each employee's facial geometry during the employee onboarding process from at least approximately October 2016 to at least approximately February 2017, and on each occasion an employee clocks in or out of one of Defendant's Illinois-based facility – all without ever informing anyone of this practice in writing.

25. In direct violation of §§ 15(b)(2) and 15(b)(3) of BIPA, from at least approximately October 2016 to at least approximately February 2017, Defendant never informed Illinois employees who had their facial geometry collected of the specific purpose and length of time for which their biometric identifiers or information would be collected, stored and used, nor did Defendant obtain a written release from these individuals.

26. In direct violation of § 15(a) of BIPA, from at least February 2017, Defendant did not have written, publicly available policies identifying its retention schedules or guidelines for permanently destroying any of these biometric identifiers or biometric information.

## III. Individual Plaintiffs' Experience.

### A. Plaintiff John McFerren's Experience

27. Plaintiff began working for Defendant in or around October 2016.

28. During the course of Plaintiff's employment, Defendant required Plaintiff to place his face in front of a facial geometry scanner, at which point Defendant scanned and collected, and stored in an electronic database, digital copies of Plaintiff's facial geometry.

6

29. Plaintiff worked for Defendant until approximately January 2017. During his employment tenure, Plaintiff was required to place his face in front of a facial geometry scanner, which scanned, collected and stored his facial geometry each time he "clocked" in and out as part of the timekeeping system.

30. Then, upon information and belief, Defendant's facial geometry matching technology compared Plaintiff's scanned facial geometry against the facial geometry previously stored in Defendant's biometric database.

31. On each occasion of "clocking in," Plaintiff was granted access to Defendant's facility in order to begin work.

32. Plaintiff never consented, agreed or gave permission–written or otherwise–to Defendant for the collection or storage of his unique biometric identifiers and/or biometric information.

33. Further, Defendant never provided Plaintiff with nor did he ever sign a written release allowing Defendant to collect or store his unique biometric identifiers and/or biometric information.

34. Likewise, Defendant never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of his unique biometric identifiers and/or biometric information.

35. By collecting Plaintiff's unique biometric identifiers and/or biometric information without his consent, written or otherwise, Defendant invaded Plaintiff's statutorily protected right to privacy in his biometrics.

36. Finally, Defendant never provided Plaintiff with a retention schedule and/or guideline for permanently destroying his biometric identifiers and/or biometric information.

95935_3

37. Defendant's acts and omissions denied Plaintiff the opportunity to consider whether the terms of Defendant's collection, storage, and usage of his biometric identifiers and/or biometric information were acceptable given the attendant risks, and denied him the ability to use the undisclosed information in the way BIPA envisioned, all of which harmed his concrete interests that the legislature sought to protect by enacting BIPA.

### B. Plaintiff Wenonia Caddle's Experience

38. Plaintiff began working for Defendant in or around October 2016.

39. During the course of Plaintiff's employment, Defendant required Plaintiff to place her face in front of a facial geometry scanner, at which point Defendant scanned and collected, and stored in an electronic database, digital copies of Plaintiff's facial geometry.

40. Plaintiff worked for Defendant until approximately January 2017. During her employment tenure, Plaintiff was required to place her face in front of a facial geometry scanner, which scanned, collected and stored her facial geometry each time she "clocked" in and out as part of the timekeeping system.

41. Then, upon information and belief, Defendant's facial geometry matching technology compared Plaintiff's scanned facial geometry against the facial geometry previously stored in Defendant's biometric database.

42. On each occasion of "clocking in," Plaintiff was granted access to Defendant's facility in order to begin work.

43. Plaintiff never consented, agreed or gave permission—written or otherwise—to Defendant for the collection or storage of her unique biometric identifiers and/or biometric information.

44. Further, Defendant never provided Plaintiff with nor did she ever sign a written release allowing Defendant to collect or store her unique biometric identifiers andor biometric information.

45. Likewise, Defendant never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of her unique biometric identifiers and/or biometric information.

46. By collecting Plaintiff's unique biometric identifiers and/or biometric information without her consent, written or otherwise, Defendant invaded Plaintiff's statutorily protected right to privacy in her biometrics.

47. Finally, Defendant never provided Plaintiff with a retention schedule and/or guideline for permanently destroying her biometric identifiers and/or biometric information.

48. Defendant's acts and omissions denied Plaintiff the opportunity to consider whether the terms of Defendant's collection, storage, and usage of her biometric identifiers and/or biometric information were acceptable given the attendant risks, and denied her the ability to use the undisclosed information in the way BIPA envisioned, all of which harmed her concrete interests that the legislature sought to protect by enacting BIPA.

## CLASS ALLEGATIONS

49. **Class Definition:** Plaintiffs brings this action on behalf of a class of similarly situated individuals, defined as follows (the "Class"):

> All individuals who, while residing in the State of Illinois, had their biometric data collected, captured, received or otherwise obtained and/or stored by Defendant.

50. Plaintiffs represent and are members of the Class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's employees

and agents, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

51. Plaintiffs and all members of the Class have been harmed by Defenadnts's acts and omissions.

52. Defendant's acts and omissions denied the Class the opportunity to consider whether the terms of Defendant's collection, storage, and usage of their biometric identifiers and/or biometric information were acceptable given the attendant risks, and denied them the ability to use the undisclosed information in the way BIPA envisioned, all of which harmed their concrete interests that the legislature sought to protect by enacting BIPA.

53. Plaintiffs represent and are members of the Class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's employees and agents, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

54. **Numerosity:** The number of persons within the Class is substantial, and is reasonably believed to include hundreds of persons. It is, therefore, impractical to join each member of the Class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.

55. The Class is ascertainable and identifiable from Defendant's and/or third-parties' records.

56. **Commonality and Predominance:** There are well-defined common questions of fact and law that exist as to all members of the Class and that predominate over any questions

95935_3

affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

(a) whether Defendant collected or otherwise obtained Plaintiffs' and the Class' biometric identifiers and/or biometric information;

(b) whether Defendant properly informed Plaintiffs and the Class that it collected, used, and stored their biometric identifiers and/or biometric information;

(c) whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiffs' and the Class' biometric identifiers and/or biometric information;

(d) whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

(e) whether Defendant used Plaintiffs' and the Class' biometric identifiers and/or biometric information to identify them; and

(f) whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

57. **Typicality:** As persons whose biometric identifiers and/or biometric information Defendant collected, stored, and used without first providing notice, obtaining informed written consent, and publishing the required data retention policy, Plaintiffs assert claims that are typical of the members of the Class.

58. **Adequate Representation:** Plaintiffs have retained and are represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiffs and their counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiffs are able to fairly and adequately represent and protect the interests of such a

11

95935_3

Class. Neither Plaintiffs nor their counsel have any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiffs have raised viable statutory claims or the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. If necessary, Plaintiffs may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class, additional claims as may be appropriate, or to amend the Class definition to address any steps that Defendant took.

59. **Superiority:** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiffs anticipate no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

### COUNT I – FOR DAMAGES AGAINST DEFENDANT
### VIOLATION OF 740 ILCS 14/15(a) – FAILURE TO INSTITUTE, MAINTAIN, AND ADHERE TO PUBLICLY AVAILABLE RETENTION SCHEDULE

60. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

61. BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically,

12

95935_3

those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/15(a).

62. Defendant failed to comply with these BIPA mandates.

63. Defendant is a company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

64. Plaintiffs are individuals who had their "biometric identifiers" and/or "biometric information" captured and/or collected by Defendant, as explained in detail in above. *See* 740 ILCS 14/10.

65. Plaintiffs' biometric identifiers and/or biometric information were used to identify Plaintiffs and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

66. Defendant failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS 14/15(a).

67. Upon information and belief, Defendant lacked retention schedules and guidelines for permanently destroying Plaintiffs' and the Class's biometric data and have not and will not destroy Plaintiffs' and the Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

68. On behalf of themselves and the Class, Plaintiffs seek: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiffs and the Class by

13

requiring Defendant to comply with BIPA's requirements for the collection, capture, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

### COUNT II – FOR DAMAGES AGAINST DEFENDANT
### VIOLATION OF 740 ILCS 14/15(b) – FAILURE TO OBTAIN INFORMED WRITTEN CONSENT AND RELEASE BEFORE OBTAINING BIOMETRIC IDENTIFIERS OR INFORMATION

69. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

70. BIPA requires companies to obtain informed written consent from employees before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; **and** (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS 14/15(b) (emphasis added).

71. Defendant failed to comply with these BIPA mandates.

72. Defendant is a company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

14

73. Plaintiffs and the Class are individuals who have had their "biometric identifiers" and/or "biometric information" collected and/or captured by Defendant, as explained in detail above. *See* 740 ILCS 14/10.

74. Plaintiffs' and the Class's biometric identifiers and/or biometric information were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

75. Defendant systematically and automatically collected, captured, used, and stored Plaintiffs' and the Class's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

76. Defendant never informed Plaintiffs, and never informed any member of the Class at least prior to June 2019, in writing that their biometric identifiers and/or biometric information were being collected, captured, stored, and/or used, nor did Defendant inform Plaintiffs and the Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, used and disseminated as required by 740 ILCS 14/15(b)(1)-(2).

77. By collecting, capturing, storing, and/or using Plaintiffs' and the Class's biometric identifiers and/or biometric information as described herein, Defendant violated Plaintiffs' and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq*.

78. On behalf of themselves and the Class, Plaintiffs seek: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiffs and the Class by requiring Defendant to comply with BIPA's requirements for the collection, captures, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3)

95935_3

statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs John McFerren and Wenonia Caddle, on behalf of themselves and the proposed Class, respectfully requests that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiffs as representatives of the Class, and appointing their counsel as Class Counsel;

B. Declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS 14/1, *et seq*.;

C. Awarding statutory damages of $5,000.00 for each and every intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) if the Court finds that Defendant's violations were negligent;

D. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an Order requiring Defendant to collect, store, and use biometric identifiers and/or biometric information in compliance with BIPA;

E. Awarding Plaintiffs and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);

F. Awarding Plaintiffs and the Class pre- and post-judgment interest, to the extent allowable; and

G. Awarding such other and further relief as equity and justice may require.

## JURY DEMAND

Plaintiffs, individually and on behalf of all others similarly situated, hereby demand a trial by jury on all issues so triable.

Dated: May 15, 2020

        Respectfully submitted,

        JOHN MCFERREN AND WENONIA CADDLE,
        individually and on behalf of all others similarly
        situated, Plaintiffs

        By: /s/ Keith J. Keogh
        Keith J. Keogh
        Theodore H. Kuyper
        KEOGH LAW, LTD.
        55 W. Monroe Street, Suite 3390
        Chicago, Illinois 60603
        (312) 726-1092
        keith@keoghlaw.com
        tkuyper@keoghlaw.com

        *Attorneys for Plaintiffs and the Putative Class*

95935_3