IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN MCFERREN and WENONIA CADDLE, Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WORLD CLASS DISTRIBUTION, INC. <br><br> Defendant. | Case No. 20-CV-2912 <br><br> Judge: Hon. Manish Shah |

### DEFENDANT'S MOTION TO ENFORCE INDIVIDUAL SETTLEMENT AGREEMENT

Plaintiffs John McFerren and Wenonia Caddle (collectively, "Plaintiffs") and Defendant World Class Distribution, Inc. ("WCD" or "Defendant") reached an agreement to resolve this matter that included confidentiality provisions drafted by WCD. From the first moment of the parties' settlement negotiations, ███████████████████████████████████████████████████████████████████████████████████████████. For the reasons stated herein, the Court should grant this Motion and enforce the parties' settlement agreement to include ███████████████████████████████████████████████ ████.

### Statement of Facts

Despite Plaintiffs' misguided Complaint filed pursuant to the Illinois Biometric Information Privacy Act, 740 ILCS 14 *et seq.*, against the wrong party, ███████████████ ███████████████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████ ███████████████████████████████████

1

█████████████████████████████

(emphasis added). ███████████████████

███████████████████████████████ *See id.* Rather, Defendant ████

██████████████████████

On March 17, 2021 and in direct response to Defendant's above-referenced offer, Plaintiffs provided a counter-demand that stated (in part) as follows:

████████████████████████████

*See* Dkt. 58-1, pp. 13-14 (emphasis added). The ████████ in Plaintiffs' communication were ██████████████████████. *See id.* In fact, █████████████████████████████████

Moreover, as noted in the Declaration of Theodore H. Kuyper (Dkt. 58-1), counsel for Defendant did not ████████████████████████████████████████████. *See* Dkt. 58-1, pp. 1-5. Therefore, from the outset of the parties' negotiations, ████████████████████████████████████████████—even by Plaintiffs' counsel's own admission. *See* Dkt. 58-1, pp. 1-16; *see also* Ex. A.

FP 40938229.1

Through the course of several email exchanges occurring between March 16 and 26, 2021, no party ███████████████████████████████████████ *See* Dkt. 58-1, pp. 7-16. ███

███████████████████████████████████████████████████████████████████████████

Further, counsel for Plaintiff suggested in his Declaration that counsel for Defendant did not ███████████████████████████████████ during the parties' March 26, 2021 telephone conversation (or at any other time). *See* Dkt. 58-1, pp. 1-5. This is true—and is the reason why Plaintiff's Motion must be denied and why Defendant's Motion must be granted! *See* Declaration of Jason D Keck, attached as Exhibit A, ¶¶ 4-8. Rather, as agreed to by the parties, counsel for Defendant s████████████████████████████████████████████████████████████

████████ To wit, counsel for Defendant wrote as follows:



Dkt. 58-1, p. 7 (emphasis added). In response ██████████████████████████████

████████████████████████████████ counsel for Plaintiffs wrote:

*Id.* (emphasis added).

On March 29, 2021, Defendant sent a Joint Notice of Settlement to Plaintiffs via email. *See* Ex. A, ¶ 5; *see also* Emails Between Counsel, attached as Exhibit B. After sending the Joint Notice of Settlement to Plaintiffs, Defendant noted that it ████████████████████████

FP 40938229.1

███████████████████. *See id.* In response, Plaintiffs stated ████████████ ████████████████. *See id.*

On April 1, 2021, Defendant sent Plaintiffs a draft Settlement Agreement and Release in Full ("Agreement"), ███████████████████████████████████████████ ██████████████████████████████████████████████████████████ ███████████████████████████. *See* Dkt. 58-1, pp. 4-5; *see also* Ex. A, ¶¶ 9-10; *see also* April 1, 2021 Draft of Settlement Agreement and Release in Full, attached as Exhibit C, pp. 10-11. This, after all, is what the ███████████████████████████████ ███████████████████████████████████. Further, in the April 1, 2021 Agreement and all subsequent drafts, the parties ████████████████ ███████████████████████████████████ *See* Ex. C, pp. 10-11 (emphasis added); *see also* Dkt. 58-1, pp. 28-29 (emphasis added). In light of the foregoing language and ███████████████████████, WCD now seeks to enforce the April 1, 2021 Agreement.

## **Legal Standard**

The Court can enforce a settlement agreement "as long as there is clearly an offer and acceptance of the compromise and a meeting of the minds as to the terms of the agreement." *Mattingly v. City of Chicago*, 897 F.Supp. 375, 377 (N.D. Ill. 1995), *citing Wilson v. Wilson*, 46 F.3d 660, 666 (7th Cir. 1995). Contract law "requires a meeting of the minds on all material terms." *Abbott Laboratories v. Alpha Therapeutic Corp.*, 164 F.3d 385, 387 (7th Cir. 1999). "Whether the parties had a 'meeting of the minds' is determined not by their actual subjective intent, but by what they expressed to each other in their writings." *Id.*

**Argument**

The Court should enforce the April 1, 2021 Agreement because the parties agreed to the terms therein. Settlement agreements require "a meeting of the minds on all material terms." *Abbott Laboratories*, 164 F.3d at 387; *see also Laserage Tech. Corp. v. Laserage Labs., Inc.*, 972 F.2d 799, 802 (7th Cir. 1992) (recognizing that the "status of a document as a contract depends upon what the parties express to each other and to the world, not on what they keep to themselves"; "That is, Illinois follows the objective theory of intent."), *citing Skycom Corp. v. Telstar Corp.*, 813 F.2d 810, 814-815 (7th Cir. 1987). The parties' objective conduct demonstrates that they agreed ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

The parties' objective conduct is well-documented and evidences an agreement to ▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ On March 16, 2021, Defendant made a settlement offer that included (among other items) ▬▬▬▬▬▬▬▬▬▬ *See* Dkt. 58-1, pp. 1, 14. On March 17, Plaintiffs responded with ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬ *See* Dkt. 58-1, pp. 13-14. From March 17 through March 26, each party identified ▬▬▬▬▬▬▬▬▬▬▬▬▬ as being a part of their respective offers and demands. *See* Dkt. 58-1, pp. 7-16. On March 26, counsel for Plaintiffs and counsel for Defendant spoke telephonically, and Plaintiffs do not (and cannot) contend that Defendant ▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬ *See* Dkt. 58-1, pp. 1-16; *see also* Ex. A, ¶¶ 4-8. In fact, counsel for Defendant's written memorialization of that conversation (with which counsel for Plaintiffs agreed) did not ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬, with Plaintiffs' stating ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Dkt. 58-1, p. 7; *see also Mattingly*, 897 F.Supp. at 377, *citing Wilson*, 46 F.3d at 666. Thus, Plaintiffs' unambiguously accepted a



5

settlement that included ▮▮▮▮▮▮▮▮▮▮ a term that ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮. *See* Dkt. 58-1, pp. 1-16; *see also* Ex. A, ¶¶ 4-8.

The meaning of "▮▮▮▮▮▮▮▮" is unambiguous: "the state of having the dissemination of certain information restricted." Black's Law Dictionary (11th Ed. 2019). The mere fact that parties need to "agree on specific terms and language in the future will not prevent the agreement from being enforced." *Coolsavings.com, Inc. v. Brightstreet.com, Inc.*, 2002 WL 458958, *3 (N.D. Ill. 2002).[1] WCD's April 1, 2021 Agreement formalized the parties' agreement based on their clear communications. As noted previously, no party ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮. *See* Dkt. 58-1, pp. 1-16. Moreover, the definition of "▮▮▮▮▮▮▮▮" is not "rendered ambiguous merely because the parties disagree on its meaning." *Soarus LLC v. Bolson Materials International Corp.*, 905 F.3d 1009, 1011 (7th Cir. 2018), *citing C. Illinois Light Co. v. Home Ins. Co.*, 213 Ill.2d 141, 154 (Ill. 2004). ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮ had been accepted by Plaintiffs and memorialized in the April 1, 2021 Agreement. Plaintiffs objected to the April 1, 2021 Agreement *after* they had already agreed ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮, had been formed. *See Mattingly*, 897 F.Supp. at 377, *citing Wilson*, 46 F.3d at 666; *see also* 820 ILCS 96/1-15, 1-30 (permitting broad confidentiality provisions pursuant to Illinois law). The parties' objective conduct renders the April 1, 2021 Agreement enforceable, and the Court

---

[1] WCD notes that *Higbee v. Sentry Insurance Co.*, 253 F.3d 994 (7th Cir. 2001), precludes enforcement of Plaintiffs' requested confidentiality provisions but does not preclude enforcement of WCD's April 1, 2021 Agreement because a key issue in *Higbee* was the fact that the parties and the Court specifically recognized that the terms of the confidentiality provisions were not finalized. *See Higbee*, 253 F.3d at 996-998. In this case, on the other hand, none of the parties' communications prior to Plaintiffs stating "Plaintiffs accept and now consider this matter settled" implicated the wording of the confidentiality provision and never sought to limit, restrict, carve out, or otherwise narrow the scope of confidentiality. *See* Dkt. 58-1, pp. 1-16; *see also* Ex. A. Confidentiality means confidentiality and nothing less.

should enforce the April 1, 2021 Agreement. *See Laserage Tech. Corp.*, 972 F.2d at 802, *citing Skycom Corp.*, 813 F.2d at 814-815.

Further, WCD notes that the April 1, 2021 Agreement did not introduce any terms not previously negotiated—and agreed—between the parties. The parties agreed to [REDACTED] and WCD included such a term in the April 1, 2021 Agreement. *See* Dkt. 58-1, pp. 1-16; *see also* Ex. A-C. The April 1, 2021 Agreement did not include a [REDACTED] (*i.e.*, "[j]udicial restraints on extrajudicial comments of lawyers about a pending proceeding"). *Bianchi v. Tonigan*, 2012 WL 5966543, FN 9 (N.D. Ill. 2012) as Plaintiff's contend. In fact, there is no "judicial restraint" contained in [REDACTED] in the Agreement. "[S]ettlement agreements are, generally speaking, private contracts between private parties." *Coolsavings.com, Inc.*, 2002 WL 458958 at *6. "[S]elf-imposed secrecy" is not a [REDACTED] *Bond v. Utreras*, 585 F.3d 1061, 1077 (7th Cir. 2009). Indeed, in *Bond v. Utreras*, the Seventh Circuit held that a stipulated protective order (which has far more of a public character than a private settlement agreement between private parties, as is the case here) was "not the equivalent of a gag order." *See id.* ("But a stipulated protective order involves self-imposed secrecy and is therefore not the equivalent of a gag order."). As negotiated—and agreed to by the parties—and in accordance with the plain definition of "[REDACTED] the April 1, 2021 Agreement merely [REDACTED]; *see also* Dkt. 58-1, pp. 1-16; *see also* Ex. A-C. Illinois permits such [REDACTED] 820 ILCS 96/1-15, 1-30 (permitting broad confidentiality provisions pursuant to Illinois law). The April 1, 2021 Agreement accurately reflects the WCD's offer of [REDACTED] and Plaintiffs' acceptance thereof [REDACTED]

██████), and the Court should enforce it accordingly. *See* Dkt. 58-1, pp. 1-16; *see also* Ex. A-C; *See also Mattingly*, 897 F.Supp. at 377, *citing Wilson*, 46 F.3d at 666. And, had Plaintiffs not wished to agree to ███████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████ Their failure to do so means that this Court should enforce the April 1, 2021 Agreement as proposed by WCD.

## Conclusion

Pursuant to the foregoing, WCD requests that the Court grant WCD's Motion to Enforce Individual Settlement Agreement, enforce the April 1, 2021 Agreement, and grant any other just relief to WCD that the Court deems fair and just.

Date: July 6, 2021                                           Respectfully submitted,

                                                                             */s/ Jason D Keck*
                                                                             One of the Attorneys for Defendant

Craig R. Annunziata
Jason D Keck
Franklin Z. Wolf
**FISHER PHILLIPS LLP**
10 S. Wacker Drive, Suite 3450
Chicago, IL 60606
Telephone: (312) 580-7818
Facsimile: (312) 346-3179
cannunziata@fisherphillips.com
jkeck@fisherphillips.com
fwolf@fisherphillips.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies as follows:

That on July 6, 2021, the foregoing **DEFENDANT'S MOTION TO ENFORCE INDIVIDUAL SETTLEMENT AGREEMENT** was served via the CM/ECF electronic filing system upon the following:

> Keith J. Keogh
> Theodore H. Kuyper
> Keogh Law, Ltd.
> 55 W. Monroe Street, Suite 3390
> Chicago, Illinois 60603

Date: July 6, 2021                                      Respectfully submitted,

                                                        */s/ Jason D Keck*
                                                        One of the Attorneys for Defendant

Craig R. Annunziata
Jason D Keck
Franklin Z. Wolf
**FISHER PHILLIPS LLP**
10 S. Wacker Drive, Suite 3450
Chicago, IL 60606
Telephone: (312) 580-7818
Facsimile: (312) 346-3179
cannunziata@fisherphillips.com
jkeck@fisherphillips.com
fwolf@fisherphillips.com

*Attorneys for Defendant*